UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK L. HILLS,

                Petitioner,                Case Number 16-11798
                                                          Hon. Terrence G. Berg

v.

WARDEN, LORETTO FCI,[1]

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Petitioner Derrick L. Hills is a federal prisoner confined at the Loretto Federal Correctional Institution. Petitioner was convicted in the United States District Court for the Eastern District of Michigan of five counts of contempt of court for violating five bankruptcy court orders in violation of 18 U.S.C. § 401(3). The Court sentenced Petitioner to 46 months of imprisonment and imposed a $25,000 fine. *See United States v. Hills*, No. 14-1361, at *2 (6th Cir. Nov. 5, 2015).

The instant habeas petition, filed under 28 U.S.C. § 2241, asserts that his detention is illegal because the judgment of sentence's return was not signed by a United States Marshal or properly filed with the Court, rendering his imprisonment unconstitutional. Because Petitioner has failed to establish that his remedy under

---

[1] The petition incorrectly names the "United States Marshal Service", but the Court amends the caption to reflect the proper Respondent for a petition for a writ of habeas corpus, the Warden of the Loretto Federal Correctional Institution, Petitioner's present custodian. See *Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006).

28 U.S.C. § 2255 is inadequate or ineffective, the petition for writ of habeas corpus will be denied.

## I. Discussion

Federal prisoners may bring a habeas corpus petition under § 2241 in the district where they are incarcerated if they are challenging the execution of their sentences or the manner in which their sentences are served. See *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). But the primary mechanism for challenging the legality of a federal sentence or for claiming the right to be released as a result of an unlawful sentence is to file a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the sentencing court. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); see *Peterman*, 249 F.3d at 461; *Charles*, 180 F.3d at 755-56. Petitioner is challenging the legality of his sentence, as opposed to the execution or manner in which he is serving his sentence. Therefore, the proper remedy for his claims is a motion to vacate, set aside, or correct the sentence under § 2255.

The "savings clause" of § 2255 provides an exception to the rule that federal prisoners must challenge the legality of their sentences in a § 2255 motion. The exception applies when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), that is, when the failure to allow some form of collateral review would raise "serious constitutional questions." *Frost v. Snyder*, 13 F. App'x 243, 248 (6th Cir. 2001) (quoting *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997)). It is the

prisoner's burden to prove the remedy under § 2255 is inadequate or ineffective. See *Charles*, 180 F.3d at 756. The remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has already been denied relief under § 2255, because the petitioner has been denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Id.* at 756-58.

In this case, Petitioner admits he filed a motion under § 2255 with the trial court. This motion was recently denied. See *In re Hills*, E.D. Mich. Case No. 12-cv-12254, Dkt. No. 154 (Cox, J.). Nevertheless, "[t]he burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that [a prior motion to vacate sentence under § 2255 may] have proved unsuccessful does not necessarily meet that burden." *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Indeed, the remedy afforded under § 2255 "is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (internal citation omitted). Petitioner has therefore not shown that his remedy under 28 U.S.C. § 2255 was inadequate or ineffective.

In addition to showing that his remedy is inadequate or ineffective under § 2255 – a showing Petitioner has not made – Petitioner must also show "actual innocence" of the underling offenses to seek relief under §2241. *Martin v. Perez*, 319

3

F.3d 799, 804 (6th Cir. 2003). Actual innocence means "factual innocence, not mere legal insufficiency" and requires the petitioner to establish that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Petitioner's habeas application makes no claim of actual innocence.

Because Petitioner has not met his burden of establishing that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective, or that he is actually innocent, he is not entitled to habeas relief from his criminal conviction under 28 U.S.C. § 2241. Accordingly, the Court will deny the petition for writ of habeas corpus.

## II. Conclusion

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED**. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F. 3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of this habeas petition.

Petitioner may not proceed on appeal in forma pauperis, however, because any appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED.**

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: July 1, 2016

4

**Certificate of Service**

    I hereby certify that this Order was electronically submitted on July 1, 2016, using the CM/ECF system, which will send notification to each party.

s/A. Chubb<br>Case Manager

4:16-cv-11798-TGB-DRG Doc # 5 Filed 07/01/16 Pg 5 of 5 Pg ID 37