UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK L. HILLS,

                Petitioner,           Case Number 4:16-cv-11798
                                                                     Hon. Terrence G. Berg

v.

WARDEN, LORETTO FCI,

                Respondent.
_____/

**ORDER DENYING MOTION FOR EXPEDITED JUDGMENT (DKT. 9),
MOTION FOR RECONSIDERATION (DKT. 8) AND DENYING, AS MOOT,
MOTION FOR EXPEDITED JUDGMENT OF MOTION FOR
RECONSIDERATION (DKT. 10)**

On July 1, 2016, the Court issued an order denying Petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 (Dkt. 5). Petitioner has now filed a motion for expedited judgment (Dkt. 9), a motion for reconsideration (Dkt. 8) and a motion to expedite a ruling on his motion for reconsideration (Dkt. 10). For the reasons stated below, the Court will deny all three motions.

Rule 7.1(g) of the Local Rules of the United States District Court for the Eastern District of Michigan allows a party to file a motion for reconsideration. *See* E.D. Mich. LR 7.1(g). Rule 7.1(g)(3) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled" and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. *Mktg.*

*Displays, Inc. v. Traffix Devices, Inc.*, 971 F.Supp. 262, 278 (E.D. Mich. 1997) (citing Webster's New World Dictionary 974 (3d ed.1988)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See* E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Under the local rules, "[a] motion for reconsideration must be filed within 10 days after entry of the judgment or order." E.D. Mich. LR 7.1(g)(1).

In the present case, the arguments raised by Petitioner in his motion for reconsideration were already raised, either explicitly or by reasonable implication, in Petitioner's application for writ of habeas corpus. Petitioner is merely presenting issues which were already ruled upon by the Court, either expressly or by reasonable implication, when the Court dismissed his petition for writ of habeas corpus. *See Hence v. Smith*, 49 F.Supp.2d 547, 553 (E.D. Mich. 1999). Accordingly,

IT IS ORDERED that Petitioner's motion for expedited judgment (Dkt. 9), a motion for reconsideration (Dkt. 8) and a motion to expedite a ruling on his motion for reconsideration (Dkt. 10) are **DENIED**.

**SO ORDERED**.

                                                                     s/Terrence G. Berg
                                                                     TERRENCE G. BERG
                                                                     UNITED STATES DISTRICT JUDGE

Dated: October 31, 2016

### Certificate of Service

I hereby certify that this Order was electronically submitted on October 31, 2016, using the CM/ECF system, which will send notification to each party, and sent to unrepresented parties via postal mail.

                                                                     s/A. Chubb
                                                                     Case Manager